## PEOPLE v. PHILLIPS

### OPINION OF THE COURT

1. CRIMINAL LAW—COMPETENCE FOR TRIAL—STATUTES—PROCEDURE.
    Returning a defendant directly to the circuit court from which
    he had been committed to the Ionia State Hospital as incom-
    petent to stand trial, rather than certifying him to the Ionia
    Probate Court for a determination of competence as provided
    by statute, while not to be encouraged, does not require re-
    versal of defendant's subsequent conviction of crime in the
    circuit court where he does not show that any prejudice
    resulted from the procedure followed (MCLA § 767.27c).

### CONCURRENCE BY CHURCHILL, J.

2. CRIMINAL LAW—COMPETENCE FOR TRIAL—STATUTES—CONSTRUC-
    TION OF STATUTES.
    *The legislative intent in providing that certain defendants con-
    fined to Ionia State Hospital as incompetent to stand trial in
    a criminal case should be certified to the Ionia Probate Court
    for a determination whether they are mentally diseased was
    that such a certification and determination should occur only
    if there was a psychiatric report that the defendant had not
    regained competence, and the issue of competency for trial is
    a circuit court issue (MCLA § 767.27c).*

---

REFERENCES FOR POINTS IN HEADNOTES
[1, 2] 21 Am Jur 2d, Criminal Law §§ 65–69.
    Investigation of present insanity to determine whether accused
    should be put, or continue, on trial. 142 ALR 961.

Appeal from St. Clair, Halford I. Streeter, J. Submitted Division 2 November 5, 1970, at Lansing. (Docket No. 8473.)   Decided April 21, 1971.

William H. Phillips was convicted of armed robbery.   Defendant appeals.   Affirmed.

*Frank J. Kelley,* Attorney General, *Robert A. Derengoski,* Solicitor General, *Walter W. Turton,* Prosecuting Attorney, *Donald P. Newmann,* Assistant Prosecuting Attorney, and *Delmer I. Cleland,* County Corporation Counsel, for the people.

*Bush, Luce, Henderson & Black,* for defendant on appeal.

Before: BRONSON, P. J., and FITZGERALD, and CHURCHILL,* JJ.

BRONSON, P. J.   On December 7, 1965, the defendant, William Phillips, was arrested and charged with the offense of armed robbery.   MCLA § 750.529 (Stat Ann 1971 Cum Supp § 28.797).

At his arraignment on December 8, 1965, the defendant, appearing *in propria persona,* attempted to enter a plea of guilty, which the trial court refused to accept.   Subsequently, counsel was appointed to represent the defendant.   On May 26, 1966, a sanity hearing was held and defendant was declared to be incompetent to stand trial.   Pursuant to CLS 1961, § 767.27 (Stat Ann 1961 Cum Supp § 28.967), defendant was committed to Ionia State Hospital.

On July 12, 1968, the defendant was returned to St. Clair County Circuit Court, the court which had committed defendant to Ionia State Hospital in May of 1966.   The court concluded that defendant was

---

* Circuit judge, sitting on the Court of Appeals by assignment.

competent to stand trial. After some delay, trial was commenced on Decemeber 17, 1968, and the jury, following two days of trial, returned a verdict of guilty as charged. Defendant is presently serving a term of life in prison.

As stated previously, defendant was found to be incompetent to stand trial in 1966 and was committed to Ionia State Hospital pursuant to CLS 1961, § 767.27.[1] In July, 1967, while defendant was confined in Ionia State Hospital, the Legislature passed MCLA 1970 Cum Supp § 767.27c (Stat Ann 1970 Cum Supp § 28.966[13]), which provides, in part:

"Notwithstanding any other provision of law, any person in confinement at the Ionia state hospital as of March 10, 1967, having been previously committed for reasons of incompetency to stand trial under the provisions of section 27 prior to its repeal, shall *as soon as practical be certified to the probate court of Ionia county.* If, in the opinion of the department of mental health, the patient has not regained competence to stand trial within 18 months from the entry of the order of commitment, the department shall certify its opinion, together with the detailed psychiatric report, to that court, which shall receive the certification and psychiatric report as the equivalent to a petition and physicians' certificates under section 11 of Act No 151 of the Public Acts of 1923, as amended, being section 330.21 of the Compiled Laws of 1948, and shall proceed to determine the matter as provided in that section. In each case so certified, the court shall notify the guardian and one or more relatives if their addresses be known and the prosecuting attorney of the county from which the patient was originally committed as incompetent to stand trial, at least 20 days in advance of the date

---

[1] On March 10, 1967, this statute was repealed by PA 1966, No 266, § 4. See MCLA §§ 767.27a, 767.27b (Stat Ann 1970 Cum Supp §§ 28.966[11], 28.966[12]).

set for the hearing on the matter and supply the prosecuting attorney with a copy of the certification and psychiatric report. Such notices shall be by certified mail. If the *probate court* determines that the respondent is mentally diseased and enters an appropriate commitment order, a copy of the order shall be supplied to the criminal court having committed the patient as incompetent to stand trial. If the probate court determines that the respondent is not to be committed, it shall transfer the case to the criminal court which originally determined the respondent to be incompetent to stand trial and such court shall proceed as provided in subsection (8) of section 27a." (Emphasis added.)

The quoted statute was applicable to the defendant in the instant case. By returning the defendant directly to the St. Clair County Circuit Court, without initially certifying the defendant to Ionia Probate Court, the prosecutor and the department of mental health failed to follow the statutory procedure. Although action inconsistent with the statute should not be encouraged, the defendant has failed to show any prejudice resulting from the procedure followed. A careful review of the record discloses that defendant received a fair trial.

Judgment affirmed.

Fitzgerald, J., concurred.

Churchill, J. (*concurring*). I concur in result. The legislative intent is that there be a certification to the special Ionia County Probate Court only if there is a psychiatric report that the patient has not regained competence. The probate court may then determine the issue of mental disease. The issue of competency for trial is a circuit court issue and certification to the probate court would accomplish nothing.